**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANJAYKUMAR R. PATEL,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, and JOSEPH EDLOW, Director of U.S. Citizenship and Immigration Services,<br><br>Defendants.[1] | ) | No. 25 C 14068<br><br>Judge Sara L. Ellis |

**OPINION AND ORDER**

After he experienced an armed robbery at his place of employment in early 2016, Plaintiff Sanjaykumar Patel filed a Form I-918 petition for U nonimmigrant status (a "U visa petition") in February 2017. U.S. Citizenship and Immigration Services ("USCIS") eventually denied his U visa petition in September 2025. Patel then filed this lawsuit against Defendants Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), and Joseph Edlow, Director of USCIS, in their official capacities, alleging that USCIS arbitrarily and capriciously denied his U visa petition in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* The parties have now filed cross motions for summary judgment. But because the Court finds that it does not have subject matter jurisdiction over Patel's claim, it dismisses this case.

[1] Patel filed his complaint in November 2025 and named Kristi Noem as a named Defendant in her official capacity as Secretary of the Department of Homeland Security. Because she no longer holds this office, the Court substitutes Markwayne Mullin, the current Secretary of the Department of Homeland Security, as a named Defendant. *See* Fed. R. Civ. P. 25(d).

## BACKGROUND

### I. Statutory Scheme for U Visa Petitions

In 2000, Congress created the U visa program by passing the Victims of Trafficking and Violence Prevention Act of 2000. Pub. L. No. 106-386, § 1513, 114 Stat. 1464, 1533–34 (2000). The U visa program creates a mechanism for noncitizen victims of serious crime to safely engage and assist law enforcement in their criminal investigations and prosecutions. 8 U.S.C. § 1101(a)(15)(U)(i)(I-IV). Specifically, individuals may obtain a U visa if (1) they "ha[ve] suffered substantial physical or mental abuse as a result of having been a victim of [qualifying] criminal activity"; (2)they "posses[ ] information concerning [the qualifying] criminal activity"; (3)they "ha[ve] been helpful . . . to a . . . law enforcement official . . . investigating or prosecuting [the qualifying] criminal activity"; and (4) "the criminal activity . . . violated the laws of the United States or occurred in the United States." *Id.* § 1101(a)(15)(U)(i). Section 1101(a)(15)(U) then describes qualifying criminal activity as "involving one of more of the following or any similar activity in violation of Federal, State, or local criminal law," providing a list of specific criminal offenses such as torture, trafficking, sexual assault, kidnapping, false imprisonment, felonious assault, and obstruction of justice. *Id.* § 1101(a)(15)(U)(iii). "The term 'any similar activity,'" as enumerated in the statute, "refers to criminal offenses in which the nature and elements of the offenses are substantially similar to the statutorily enumerated list of criminal activities." 8 C.F.R. § 214.14(a)(9).

To apply for a U visa, an individual must file a petition with USCIS via Form I-918 and attach a law enforcement certification, also known as Form I-918, Supplement B, which USCIS uses to confirm the occurrence of a qualifying crime and that the applying individual has been helpful in the investigation or prosecution of that qualifying criminal activity. 8 C.F.R.

§ 214.14(c)(2)(i). Congress capped the annual grant of principal U visas at 10,000 per fiscal year. 8 U.S.C. § 1184(p)(2). If USCIS reaches the statutory cap within any given fiscal year, USCIS must place eligible petitioners to whom it does not grant U visas to solely because of the cap on a waiting list. *Id.* § 214.14(d)(2). USCIS then gives priority for a final adjudication to the oldest petitions on the waiting list. *Id.*; *see Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220, at *1 (N.D. Ill. June 11, 2025) (describing USCIS' policy for processing U visa petitions). While petitioners are on the waiting list, USCIS may authorize employment for those U visa petitioners who have a bona fide petition. 8 U.S.C. § 1184(p)(6) (USCIS "may grant work authorization to any [U visa petitioner] who has a pending, bona fide application for nonimmigrant status"); 8 C.F.R. § 214.14(d)(2) (USCIS "in its discretion, may authorize employment for such petitioners and qualifying family members" on the waiting list). USCIS first makes a "Bona Fide Determination" ("BFD") regarding the petitioner's U visa status and then assesses whether a petitioner poses a national security or safety risk. *Lobatos*, 2025 WL 1651220, at *1.

## II. Patel's Background and U Visa Petition

Patel is a native and citizen of India. He moved to the United States in 2013 and resides in Oak Forest, Illinois. In 2015, he started working at a Subway restaurant located at 599 East Sibley Boulevard in Dolton, Illinois. On January 22, 2016, an individual entered the Subway, told Patel to "give [him] the money," verbally threatened to pull out his handgun if Patel did not comply, and placed his right hand on the butt of what Patel thought to be a pistol in his front waistband. Doc. 24-2 at 36, 59–60. The individual reached into the cash drawer, removed money, and fled the scene. Patel then called the police.

Patel filed his U visa petition on February 1, 2017. The Chief of the Dolton Police Department, Robert Collins, Jr., submitted Form I-918, Supplement B on Patel's behalf. Collins provided a brief explanation of the events on January 22, 2016, noted that Patel experienced "[n]o physical injuries per the police report," and stated that Patel "provided the reporting officers with a narrative of the incident and a description of the offender." *Id.* at 36–37. Under the "Criminal Acts" section of the form, which asks the respondent to check all of the boxes for which "[t]he applicant is a victim of criminal activity involving or similar to violations of one of the following Federal, State or local criminal offenses," Collins checked "Other" and wrote in "Armed Robbery" under 720 Ill. Comp. Stat. 5/18-2. Doc. 24-2 at 35–36. 720 Ill. Comp. Stat. 5/18-2 states in relevant part that a person commits armed robbery when "he or she violates Section 18-1" and "he or she carries on or about his or her person or is otherwise armed with a firearm." Section 18-1 states that a person commits robbery when "he or she knowingly takes property . . . from the person or presence of another by the use of force or by threatening the imminent use of force." 720 Ill. Comp. Stat. 5/18-1(a).[2]

On March 23, 2022, USCIS informed Patel that the agency found his petition bona fide, warranting employment authorization and deferred action. On March 10, 2025, USCIS requested that Patel provide additional evidence to demonstrate "that the crime listed on [Patel's] law enforcement certification would be considered a crime related to those listed in [8 C.F.R. § 214.14(a)(9)]" and "that [Patel is] the victim of substantial physical or mental abuse as a result of the qualifying criminal activity." Doc. 24-2 at 103. Patel's lawyer responded with a letter and various supporting documents. In the letter, Patel's lawyer claimed that "the crime of armed robbery is analogous to felonious assault because the elements of the offenses are equivalent." *Id.* at 114. Patel's lawyer submitted an updated Supplement B, in which the respondent checked

[2] Section 18-1 also defines aggravated robbery in subsection (b).

"Felonious Assault" under the "Criminal Acts" section. *Id.* at 117. Patel's lawyer also attached a psychological report, written by a licensed clinical psychologist who evaluated Patel in December 2016.

USCIS ultimately denied Patel's petition on September 23, 2025, stating that Patel "ha[s] not established that [he] w[as] a victim of qualifying criminal activity." Doc. 24-2 at 3.[3] Specifically, USCIS noted that "[a]rmed robbery is not one of the qualifying crimes as listed in [8 C.F.R. § 214.14(a)(9)] nor is it similar to those crimes." *Id.* at 4. Although Patel's lawyer equated armed robbery to felonious assault in his response to USCIS' request for additional evidence, USCIS rejected this comparison and explained that Patel's "[c]ounsel has not provided a statutory analysis regarding how armed robbery and felonious assault, under Illinois law, share the same elements." *Id.* at 7. Analyzing Illinois' armed robbery and felonious assault statutes, USCIS determined that the "nature and elements of robbery and aggravated assault are not of the same nature nor do they share the same elements." *Id.* at 8. USCIS also concluded that Patel had not submitted sufficient evidence to show that he "suffered substantial physical or mental abuse as the result of having been a victim of qualifying criminal activity." *Id.* at 9. USCIS specifically noted that although Patel "assert[ed] that [he] suffer[s] from a myriad of psychological complaints, the evidence in the record does not show significant mental injuries or abuse" because he "only saw a doctor on one occasion in order to get evaluated for [his] mental health in preparation of submitting the [U visa] petition" but did not submit "documentation that [he] followed [the doctor's] recommendations, received therapy, nor [ ] explained why [he] ha[s] not received therapy." *Id.*

---

[3] The Court uses the CM/ECF page number noted at the top of the page when it cites the administrative record, Doc. 24-2.

## ANALYSIS

The parties filed cross motions for summary judgment disputing whether USCIS' denial of Patel's U visa petition was arbitrary and capricious. But Defendants first argue that this Court lacks subject matter jurisdiction over Patel's claim. Such an argument is more properly considered as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Rittmeyer v. Advance Bancorp, Inc.*, 868 F. Supp. 1017, 1021 (N.D. Ill. 1994) ("A motion attacking subject matter jurisdiction is properly brought as one to dismiss under the case Federal Rule of Civil Procedure 12(b)(1), rather than as a motion for summary judgment.") (citing *Capital Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993)).

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174. If, however, the defendant contests the truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173; *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

Defendants argue that the Immigration and Nationality Act ("INA") precludes judicial review because 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction. *See Nobles v. Noem*, No. 24 CV 9473, 2025 WL 860364, at *3 (N.D. Ill. Mar. 19, 2025) (explaining that the jurisdictional bar in Section 1252(a)(2)(B)(ii) trumps the APA's general grant of judicial review and bars jurisdiction for discretionary actions). This provision provides that "no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter[4] to be in [their] discretion[,] other than the granting of relief under section 1158(a) [governing asylum applications]." 8 U.S.C. § 1252(a)(2)(B)(ii). And although Patel brings his claim under the APA, "the APA's general provision authorizing judicial review of final agency actions must yield to the [INA]'s immigration-specific limitations." *Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020).

As explained above, two statutory provisions govern U visa determinations: 8 U.S.C. § 1101(a)(15)(U) and § 1184(p). Defendants contend that these provisions are discretionary and therefore strip this Court of jurisdiction. They specifically rely on the language in 8 U.S.C. § 1101(a)(15)(U), which provides that the "Secretary of Homeland Security *determines*" whether an individual meets the substantive requirements of the U visa program. 8 U.S.C. § 1101(a)(15)(U)(i) (emphasis added). They also highlight the language in 8 U.S.C. § 1184(p)(2)(A), which states that no more than 10,000 individuals "*may* be issued" U visas in any fiscal year. *Id.* § 1184(p)(2)(A) (emphasis added).

The Seventh Circuit has never directly addressed the question of whether a district court has subject matter jurisdiction over a plaintiff's APA claim asking the court to review a U visa denial, but it has provided guidance on the issue. For example, when considering whether an

[4] "[T]his subchapter" refers to 8 U.S.C. §§ 1151–1382. *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010).

immigration judge had jurisdiction to waive the inadmissibility of U visa applicants, the Seventh Circuit stated:

> U Visas are not automatically granted to qualifying noncitizens. The decision whether to grant a U Visa is statutorily committed to the discretion of the Secretary of Homeland Security, *see* 8 U.S.C. § 1101(a)(15)(U), and is exercised through USCIS, an office within the Department of Homeland Security (DHS) and a successor to the now-defunct Immigration and Naturalization Service.

*L.D.G. v. Holder*, 744 F.3d 1022, 1024 (7th Cir. 2014). And when considering its ability to directly review USCIS' denial of a petitioner's inadmissible status and consequently, his U visa petition, the Seventh Circuit took issue with petitioner's references to "being 'entitled' to a U Visa" because "[a] person who meets the statutory criteria is only eligible for such a visa, not entitled to one as a matter of right" since "[t]he relevant statutes and regulations leave the final decision to the discretion of DHS." *Torres-Tristan v. Holder*, 656 F.3d 653, 656 n.3 (7th Cir. 2011) (citing 8 U.S.C § 1101(a)(15)(U) (the Secretary of Homeland Security determines whether petitioner has fulfilled statutory criteria); 8 C.F.R. § 214.14(c)(4) (giving USCIS "sole discretion" to determine the "evidentiary value" of the materials submitted by a petitioner); 8 C.F.R. § 214.14(c)(5)(i) ("If USCIS determines that the petitioner has met the requirements for U-1 nonimmigrant status, USCIS will approve Form I-918")).[5] In deciding against directly reviewing petitioner's U visa denial, the *Torres-Tristan* court noted the "longstanding practice of

[5] *Torres-Tristan* contains a subsequent footnote stating that "[n]othing in our opinion forecloses the possibility that a petitioner who exhausted administrative remedies might be able to seek review in a federal district court through another means, such as under the [APA], as we acknowledged in *Fonseca-Sanchez*." 656 F.3d at 663 n.10. But *Fonseca-Sanchez* concerned a challenge to DHS' interpretation of the statutory language creating the U visa classification, for which "the government indicated that a potential proper means and forum for such a claim could be an action in the appropriate district court under the [APA]," not a challenge to the arbitrariness and capriciousness of DHS' denial of an individual's U visa petition. *Fonseca-Sanchez v. Gonzales*, 484 F.3d 439, 445 (7th Cir. 2007).

not reviewing visa denials in general and not reviewing them as part of removal orders." 656 F.3d at 659.

Patel argues that the relevant statutory language does not *explicitly* grant USCIS the discretion to grant or deny U visa petitions, and so this Court retains jurisdiction to review USCIS' determinations. Patel also argues that because the *Torres-Tristan* court "did not reach the necessary statutory analysis for 8 U.S.C. § 1252(a)(2)(B)(ii) applicability" to actions filed under the APA, it is inapposite to this Court's analysis. Doc. 32 at 8. Patel instead urges this Court to join the Ninth Circuit and other district courts across the country and find that federal courts have jurisdiction to review U visa decisions. *See Perez Perez v. Wolf*, 943 F.3d 853, 867–68 (9th Cir. 2019) (holding that 8 U.S.C. § 1101(a)(15)(U) and 8 U.S.C. § 1184(p) provide meaningful standards by which to review USCIS' denial of petitioner's U visa petition and that 8 U.S.C. § 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction to review that decision); *Genc v. Renaud*, 715 F. Supp. 3d 189, 195–96 (D. Conn. 2024) (noting that neither party contests the district court's jurisdiction to review USCIS' denial of the plaintiff's U visa application but nonetheless concluding that it has subject matter jurisdiction over the case); *Ji Lin v. Mayorkas*, 537 F. Supp. 3d 408, 414 (E.D.N.Y. 2021) (finding that federal courts have jurisdiction to review denials of U visa petitions); *Morris v. Nielsen*, 374 F. Supp. 3d 239, 248–56 (E.D.N.Y. 2019) (reviewing denial of plaintiff's U visa petition under the APA).

But the Court notes that other circuit courts to consider this issue have reached the opposite conclusion. *See Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010) (holding that "the language of § 1184(p) makes it abundantly clear that the decision to issue a law enforcement certification [when applying for a U visa] is a discretionary one" and thus concluding that the district court correctly dismissed the underlying action for lack of

jurisdiction); *Semiani v. United States*, 575 F.3d 715, 715 (D.C. Cir. 2009) ("Congress has not provided for judicial review of decisions to deny a 'U-visa' pursuant to 8 U.S.C. § 1101(a)(15)(U)."); *Bejarano v. Homeland Sec. Dep't*, 300 F. App'x 651, 653 (11th Cir. 2008) (affirming district court's finding that it lacked subject matter jurisdiction to review denial of U visa petition because "jurisdiction over the grant or denial of a U visa . . . rests with [USCIS], and any decision by the certifying official to sign or decline to sign the status certification is discretionary"). And the applicable U visa regulations reinforce USCIS' discretion over U visa petitions. *See* 8 C.F.R. § 214.14(b)–(c) (making an individual's eligibility for a U visa contingent upon demonstrating "all of the following in accordance with paragraph (c) of this section," with paragraph (c) providing that "USCIS has sole jurisdiction over all petitions for U nonimmigrant status"; that an individual's eligibility for a U visa is based on being a victim of a qualifying crime; that "USCIS will determine, in its sole discretion, the evidentiary value" of the individual's petition materials, "including Form I-918, Supplement B, 'U Nonimmigrant Status Certification'"; and "[i]f USCIS determines that the petitioner has met the requirements for U-1 nonimmigrant status, USCIS will approve the Form I-918").

Ultimately, this Court is bound by the Seventh Circuit's guidance. Although the Seventh Circuit's comments on the discretionary nature of the relevant U visa statutes and regulations arose in a different procedural posture, their inclusion nonetheless affects the outcome of this action. The Seventh Circuit has unequivocally stated that "the decision whether to grant a U visa is statutorily committed to the discretion of the Secretary of Homeland Security" via 8 U.S.C. § 1101(a)(15)(U). *L.D.G.*, 744 F.3d at 1024. In fact, the dissent in *Perez Perez* acknowledged that the Seventh Circuit has already addressed this issue, noting that "decisions by the Fifth, Seventh, Eleventh, and D.C. Circuits also hold that courts lack jurisdiction to review U visa

petitions," and citing *Torres-Tristan* and *L.D.G.* 943 F.3d at 877 (Callahan, J., dissenting). Accordingly, the Court finds that the statutory and regulatory language governing U visa petitions grants USCIS discretionary authority over U visa decisions. The Court therefore dismisses this lawsuit for lack of subject matter jurisdiction without considering the parties' arbitrary and capricious-related arguments.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion for summary judgment [30]. The Court denies Patel's motion for summary judgment [28]. The Court dismisses Patel's claim for lack of subject matter jurisdiction. Civil case terminated.

Dated: October 19, 2026

SARA L. ELLIS
United States District Judge